[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12752
Non-Argument Calendar

_____

Agency No. A99-635-735

MARIA BARBARA ESPINOSA DE PLAZAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 15, 2009)

Before DUBINA, Chief Judge, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Petitioner Maria Barbara Espinosa De Plazas, through counsel, seeks review of the Board of Immigration Appeals' ("BIA's") decision denying her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT relief"). In her petition, Espinosa argues that the BIA erred in finding that she was not eligible for asylum and withholding of removal. She also argues that the BIA failed to make adequate findings in denying her CAT relief and asserts that she met her burden of proof with respect to that claim.

## I.

In an immigration case, we review only the BIA's opinion, except to the extent that the BIA adopted the reasoning of the Immigration Judge ("IJ"). *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case, the BIA issued its own opinion, but also incorporated the reasoning of the IJ by reference. Therefore, we are reviewing both opinions.

We review the BIA's and the IJ's factual determinations, including adverse credibility determinations, under the substantial evidence test. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-1027 (11th Cir. 2004)(*en banc*). We "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1027. We will only

2

overturn an IJ's factual determinations if the record compels a conclusion to the contrary. *Id.*

An alien applying for asylum must show that she is a refugee. 8 C.F.R. § 208.13(a). An alien qualifies as a refugee if she can establish that she has suffered past persecution or has a well-founded fear of future persecution, based on a protected ground, in her country of origin. 8 C.F.R. § 208.13(b)(1) and (2). The five protected grounds are race, religion, nationality, social group, or political opinion. 8 U.S.C. § 1158(b)(1)(B)(i). If the alien is able to prove past persecution, the burden then shifts to the government to show by a preponderance of the evidence that there has been a fundamental change in country conditions, or that the alien may safely relocate within her country of nationality. 8 C.F.R. § 208.13(b)(1)(i) and (ii).

Without regard to past persecution, an applicant may establish a "well-founded fear" of future persecution by demonstrating that her fear of future persecution is "subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289; *see also* 8 C.F.R. § 208.13(b)(2). An applicant must establish that "there is 'a reasonable possibility he or she would be singled out individually for persecution,' or that [s]he is a member of, or is identified with, a group that is subjected to a pattern or practice of persecution." *Djonda v. United States Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008) (quoting 8 C.F.R. § 208.13(b)(2)(iii)).

3

An alien is entitled to withholding of removal if she can show that her life or freedom would be threatened based on one of the five protected grounds. 8 C.F.R. 208.16(b). If the alien can prove a past threat to life or freedom, there is a presumption that the alien's life or freedom would be threatened in the future. 8 C.F.R. § 208.16(b)(1). The government can rebut this presumption by showing that the alien can safely relocate to another area of her country. 8 C.F.R. § 208.16(b)(1)(B). An alien who is unable to meet the burden of proof for asylum is also necessarily unable to meet the higher standard for withholding of removal. *Djonda*, 514 F.3d at 1177.

Credible testimony may be sufficient to support an applicant's claims for asylum and withholding of removal even if the applicant did not present any corroborating evidence. 8 C.F.R. §§ 208.13(a), 208.16(b). "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." *Yang v. United States Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).

## II.

As a preliminary matter, the government argues that Espinosa failed to exhaust her administrative remedies with respect to her claim for CAT relief because she did not raise this issue in her appeal brief to the BIA. The government is correct that Espinosa did not mention her claim for CAT relief in her appeal brief to the BIA. However, in her Notice of Appeal to the BIA, Espinosa argued

4

that she was entitled to relief under the Convention Against Torture, and the BIA ultimately addressed this issue. Under the circumstances, we conclude that Espinosa preserved her claim for CAT relief.

As noted above, we review the BIA's and the IJ's factual determinations under the substantial evidence test. To qualify for CAT relief, a petitioner must show that it is more likely than not that she will be tortured if removed to the designated country of removal. 8 C.F.R. § 208.16(c)(2). Torture is defined as

> Any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). An applicant who is unable to prove persecution for asylum purposes is necessarily unable to meet the higher standard for proving torture. *Al Najjar*, 257 F.3d at 1303 (11th Cir. 2001).

After reviewing the record and reading the parties' briefs, we conclude that Espinosa's request for CAT relief fails in all respects.

**III.**

5

The government makes a compelling argument that the record does not support a finding that the shooting incident in this case was "as a result" of Espinosa's political activities or opinions. Red Br. 21-30 (citing *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229 (11th Cir. 2006); and *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226 (11th Cir. 2005)). We agree. In *Silva*, we concluded that death threats and a shooting incident in which two unknown men riding motorcycles shot at the petitioner's windshield did not constitute persecution on account of the petitioner's political opinion. 448 F.3d at 1237–39. In *Sepulveda*, we concluded that menacing telephone calls to the petitioner and her family members and a bombing of the restaurant where the petitioner worked did not constitute persecution on account of the petitioner's political opinion. In *DeSantamaria v. U.S. Atty. Gen.*, 525 F.3d 999 (11th Cir. 2008), we concluded that death threats to the petitioner, a physical assault of the petitioner, attempted kidnaping of the petitioner, and murder of the petitioner's family friend, all by individuals who either identified themselves as members of the FARC or wore FARC paraphernalia, constituted persecution on account of the petitioner's political opinion. 525 F.3d at 1009–11. Viewed in the light of these opinions, the telephone calls and shooting incident involving unknown youths in the present case cannot be the basis for a finding of persecution on the basis of Espinosa's political activities or beliefs.

6

We have reviewed Espinosa's testimony, and Espinosa did not testify that the shooting incident occurred as a result of her political activities or opinions. Espinosa testified that, as she was driving along the roadway, she noticed seven youths wearing camouflage and signaling for her to stop her car. A.R. 98–99. Espinosa testified that she "instead accelerated, took off," and that, "after a bit of time went by," she and her traveling companions heard a shot that broke the windshield glass. *Id.* at 99. This testimony permits an inference that Espinosa was targeted because she did not stop her car, not on account of her political beliefs. This scenario is the same kind of scenario that was presented to us in *Silva* and *Sepulveda*, and we denied the petitions in those cases. 448 F.3d at 1238; 401 F.3d at 1231.

The record may permit the inference that the shooting incident was on account of Espinosa's political activities, but the record does not *compel* the conclusion.

Because we conclude there is no merit to any of Espinosa's arguments, we deny her petition for review.

**PETITION DENIED.**